IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-392-KS

| | |
|---|---|
| KRISTOPHER LITTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    **ORDER** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

This matter is before the court on the parties' briefs pursuant to the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Kristopher Little ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability and disability insurance benefits (DIB). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. On March 27, 2023, the court held oral argument in this matter. Having carefully reviewed the administrative record and the parties' briefs, the court affirms the Commissioner's decision.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability and DIB on October 9, 2019, with an alleged onset date of April 29, 2019. (R. 15, 232–33.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 15, 92–93,

131–32.) A telephonic hearing was held on November 10, 2021, before Administrative Law Judge ("ALJ") Mason Hogan, who issued an unfavorable ruling on April 21, 2022. (R. 15–35, 38–78.) On July 26, 2022, the Appeals Council denied Plaintiff's request for review. (R. 1–6.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. On September 28, 2022, Plaintiff initiated this action, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and

2

second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and

3

denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).

III. **ALJ's Findings**

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter, the ALJ found that Plaintiff meets the insured status requirements of the Act through December 31, 2024. (R. 17.) At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 29, 2019, the alleged onset date. (*Id.*) Next, the ALJ determined Plaintiff has the severe impairments of degenerative disc disease of the thoracic and lumbar spine, carpal tunnel syndrome, cubital tunnel syndrome, irritable bowel syndrome (IBS), depression, anxiety, and adjustment disorder. (*Id.*)

At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 19.) The ALJ expressly considered Listings 1.15, 5.00 and related, 12.04, 12.06, and 12.15. (R. 19–20.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can frequently handle and finger with the bilateral upper extremities; he must avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation; he must avoid concentrated exposure to hazards such as unprotected heights and dangerous machinery; [Plaintiff] can understand and remember simple

instructions and can carry out simple tasks; he can sustain concentration, attention, and pace sufficient enough to carry out those simple tasks over the course of an eight-hour workday in two-hour intervals; he can work in occupations that require only occasional contact with coworkers, supervisors, and the general public; he can work in a low stress setting, which is specifically defined to mean: no fast-paced production, only simple work-related decisions, few or no changes in the work setting, and no dealing with crisis situations as an essential function of the job.

(R. 20–21.) In making this assessment, the ALJ stated that he considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. § 404.1529, and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence." (R. 21.) At step four, the ALJ concluded that Plaintiff is not able to perform any past relevant work. (R. 26.) At step five, the ALJ determined, based upon Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely: office helper (DOT #239.567-010), photocopy machine operator (DOT #207.685-010), and garment sorter (DOT #222.687-014). The ALJ concluded that Plaintiff has not been disabled under the Act from April 29, 2019, through the date of the decision. (R. 29.)

## IV. Plaintiff's Argument

Plaintiff contends ALJ Hogan erred by not fully accounting for the vocationally limiting effects of Plaintiff's IBS in the RFC. (Pl.'s Br. [DE #25] at 4–9.) More specifically, Plaintiff contends the ALJ erred by failing to explain why there are no

5

limitations in the RFC allowing Plaintiff unscheduled restroom breaks due to Plaintiff's "frequent need to use the rest room." (*Id.* at 7.) In contrast, the Commissioner argues the ALJ considered Plaintiff's testimony regarding his need to take frequent, unscheduled restroom breaks but nevertheless discredited this evidence based on other evidence in the record, most notably a gastroenterology treatment note from October 2021 where Plaintiff reported that a new medication regimen had caused most of his GI-related symptoms to improve. (Comm'r's Br. [DE #29] at 8–9.) The court agrees with the Commissioner.

The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" despite impairments and related symptoms. SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. § 404.1545(a)(1). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96–8p, 1996 WL 374184, at *1. In determining the RFC, the ALJ considers an individual's ability to meet the physical, mental, sensory, and other requirements of work. 20 C.F.R. § 404.1545(a)(4). It is based upon all relevant evidence, which may include the claimant's own description of limitations from alleged symptoms. SSR 96–8p, 1996 WL 374184, at *5; 20 C.F.R. § 404.1545(a)(3). If necessary, an ALJ must "explain how any material inconsistencies or ambiguities in the evidence were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7.

An ALJ must "include a narrative discussion describing how the evidence supports each conclusion" in the RFC. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir.

6

2016) (quoting *Mascio*, 780 F.3d at 636). The ALJ must specifically explain how certain pieces of evidence support particular conclusions and "discuss[ ] . . . which evidence the ALJ found credible and why." *Monroe*, 826 F.3d at 189 (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The Fourth Circuit has interpreted this to require an ALJ to "build an accurate and logical bridge from the evidence to [the] conclusion." *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

"[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion . . . . [M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). Simply put, this means an ALJ must "[s]how [his] work." *Patterson v. Comm'r of SSA*, 846 F.3d 656, 663 (4th Cir. 2017) (applying same principle to an ALJ's listing analysis). Such analysis—"[h]armonizing conflicting evidence and bolstering inconclusive findings," *Patterson*, 846 F.3d at 662—is a "necessary predicate" to determining whether substantial evidence supports the Commissioner's findings, *Monroe*, 826 F.3d at 189 (quoting *Radford*, 734 F.3d at 295). Where a court is "left to guess about how the ALJ arrived at his conclusions on [a claimant's] ability to perform relevant functions . . . , remand is necessary." *Mascio*, 780 F.3d at 637.

On review, Plaintiff cites to numerous portions of the record related to his IBS, especially his need to use the restroom frequently and for lengthy periods of time. (Pl.'s Br. at 4–7.) Plaintiff contends that ALJ Hogan failed to explain why the ALJ

7

apparently discounted Plaintiff's statements about abdominal pain and frequent bowel movements, and ultimately erred by failing to address Plaintiff's frequent need to use the restroom. (*Id.* at 7.) Further, Plaintiff argues that ALJ Hogan's only IBS-related limitation in the RFC is the limitation to a low-stress work environment with limited social interaction, which appears to account more for Plaintiff's psychological limitations. (*Id.*)

While the ALJ's explanation could have been better, there are several reasons why the decision permits meaningful review and satisfies the substantial evidence standard. First, the court is not left to guess about the ALJ's reasoning. *Cf. Mascio*, 780 F.3d at 637. ALJ Hogan stated that he was discrediting Plaintiff's statements about his symptom severity in part because evidence in the record was not entirely consistent with Plaintiff's statements. (R. 21, 23.) ALJ Hogan specifically referenced treatment notes from an October 27, 2021, gastroenterologist appointment. (R. 23 (citing R. 7856, 7858).) That October 27, 2021, treatment note indicates that Plaintiff reported (i) "most of his symptoms have improved since taking the Rifaximin and [Plaintiff] made this present appointment prior to getting [R]ifaximin, when he was desperate for another opinion and (ii) "[h]is IBS is at his baseline and fairly well controlled, with prior negative Celiac, stool studies, TSH, and HP testing (per patient[']s report), as well as normal EGD and Colonoscopy this year." (R. 7856, 7858.) The court can understand why ALJ Hogan would reference this treatment note—which predates Plaintiff's testimony before the ALJ by only a few weeks—and use it as a basis to find Plaintiff's testimony about his IBS symptom severity not entirely

credible. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling."). It is also substantial evidence to support the ALJ's decision not to include more significant IBS-related limitations in the RFC, including more frequent restroom breaks. Second, the connection between the RFC's limitation to a low-stress work environment and Plaintiff's IBS is clearer than what Plaintiff suggests in his brief. Plaintiff testified to the connection between his stress levels and IBS symptoms (R. 57) and also reported to the gastroenterologist in October 2021 that his baseline IBS symptoms "have been improved with less stress while not working" (R. 7856). Third, the ALJ acknowledged Plaintiff's statements about his IBS symptoms and need to use the restroom frequently, which distinguishes this matter from *Rogers v. Kijakazi*, 62 F.4th 872, 881 (4th Cir. 2023), where the ALJ omitted from consideration countervailing evidence relevant to the claimant's RFC. Having reviewed the record, the court finds that substantial evidence supports the ALJ's findings and the ALJ's decision was reached through the application of the correct legal standards.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is AFFIRMED.

This 25th day of October 2023.

_____
KIMBERLY A. SWANK
United States Magistrate Judge